IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKEY SABEDRA, <br> TDCJ #395270, <br><br> Petitioner, <br><br> v. <br><br> NATHANIEL QUARTERMAN, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-07-0398 |

## ORDER OF DISMISSAL

The petitioner, Rickey Sabedra (TDCJ #395270), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Sabedra has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, among other things, in which he purports to challenge a state court conviction. He appears *pro se* and he has filed a motion for leave to proceed *in forma pauperis*. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.   **DISCUSSION**

Sabedra is presently in custody as the result of a 1985 aggravated robbery conviction that was entered against him in state district court in Dallas, Texas. (Case No. F-85-83434). Sabedra received a twenty-five year prison sentence in that case. Sabedra was released on

parole at an undisclosed date, only to have his parole revoked on June 24, 1998. Sabedra alleges that he was charged with a new offense for assaulting a public servant on November 3, 2005. Those charges were reportedly lodged in the 278th District Court of Walker County, Texas, but Sabedra indicates in his petition that the charges were ultimately "dismissed."

Sabedra, who remains in custody at the Coffield Unit, has filed the pending federal habeas corpus petition to challenge his prosecution for assault on a public servant in 2005. Sabedra complains that his indictment was enhanced improperly with his prior conviction for aggravated robbery. Sabedra contends further that he was denied a "competency evaluation" during his prosecution for assault on a public servant. It is well established that the federal writ of habeas corpus is an extraordinary remedy, however, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). As Sabedra concedes, the charges against him were "dismissed." Thus, Sabedra cannot show that he is in custody as a result of the charges against him for assault on a public servant. Because Sabedra indicates that he was not convicted of the charges that he now seeks to challenge, federal habeas corpus relief is not available.

Nevertheless, Sabedra insists in his petition that he is entitled to relief because the denial of a competency evaluation was a "malicious act," and that he was "bench warranted"

2

to court improperly to face charges of assault on a public servant. To the extent that Sabedra complains that his civil rights were violated during his state criminal proceeding, he may not pursue such claims *in forma pauperis* because, as Sabedra well knows, he is barred by 28 U.S.C. § 1915(g) from appearing in federal court as a pauper as the result of his extensive history of filing frivolous lawsuits. Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action or appeal which was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Sabedra has filed approximately **fifty (50)** other lawsuits in the federal courts, including transfers. Of the civil rights lawsuits filed by Sabedra, at least eleven (11) actions and appeals have been dismissed as frivolous, earning him a strike under 28 U.S.C. § 1915(g).[1] Sabedra has not alleged and the pleadings do not show that he under imminent danger of serious physical injury or that he fits within an exception to § 1915(g). Therefore, any civil rights claim by Sabedra is barred.

---

[1] Those civil actions and appeals dismissed as frivolous include:(1) *Sabedra v. Philadelphia Savings Fund Society Bank*, Civil No. 2:93-290 (N.D. Tex. Aug. 15, 1994); (2) *Sabedra v. Lynaugh*, Civil No. 2:93-0058 (N.D. Tex. March 8, 1994); (3) *Sabedra v. Lynaugh*, Civil No. 95-6601 (E.D. Pa. Oct. 31, 1995); (4) *Sabedra v. Cooper*, Civil No. 9:99-191 (E.D. Tex. Nov. 30, 1999); (5) *Sabedra v. Cooper*, Civil No. 9:00-33 (E.D. Tex. April 28, 2000); (6) *Sabedra v. Johnson*, Civil No. 9:00-309 (E.D. Tex. Jan. 30, 2001); (7) *Sabedra v. Johnson*, Civil No. 9:00cv325 (E.D. Tex. March 8, 2001); (8) *Sabedra v. Smith, et al.*, Civil No. 9:01-02 (E.D. Tex. Jan. 29, 2001); (9) *Sabedra v. Johnson*, No. 01-40004 (5th Cir. April 12, 2001) (appealing Civil No. 9:00-283); (10) *Sabedra v. Johnson*, No. 01-40138 (5th Cir. April 12, 2001) (appealing Civil No. 9:00-309); (11) *Sabedra v. State of Texas*, Civil No. 3:01cv944 (N.D. Tex. Dec. 18, 2001).

Moreover, the conclusory allegations made in the pending petition appear frivolous and they repeat allegations made by Sabedra previously in this district. Records show that, of the fifty suits he has filed previously, as many as twenty-eight (28) were habeas corpus petitions. Sabedra has been warned repeatedly that sanctions would result if he persisted in filing frivolous habeas corpus petitions. The United States District Court for the Northern District of Texas has warned Sabedra about the possibility of sanctions. *See Sabedra v. Johnson*, Civil Action No. 3:00cv1427 (N.D. Tex. August 18, 2000) (warning Sabedra regarding possible sanctions, including a ban on filing lawsuits without leave of court or monetary sanctions). Because Sabedra ignored those warnings, the Northern District has sanctioned him twice in the amount of $100.00 for filing abusive federal habeas corpus petitions. *See Sabedra v. Cockrell*, Civil No. 3:01-0961 (N.D. Tex. Sept. 25, 2001); *Sabedra v. Cockrell*, Civil No. 3;01-0944 (N.D. Tex. Dec. 18, 2001); *see also Sabedra v. Meadows*, Civil No. 3:05-1304 (N.D. Tex. May 31, 2006) (imposing additional sanctions and barring Sabedra from filing any civil action, including a habeas corpus action, without prior leave of court).

District Courts in the Southern District of Texas have also warned Sabedra on more than one occasion that his continued practice of filing meritless habeas corpus petitions will result in sanctions, including the possibility of monetary penalties. *See Sabedra v. Quarterman*, Civil Action No. H-06-2347 (S.D. Tex. July 17, 2006); *Sabedra v. Dretke*, Civil Action No. H-06-1694 (S.D. Tex. May 26, 2006). Because of his consistent pattern of abusive litigation, the Fifth Circuit has also warned and subsequently sanctioned Sabedra for

his repeated attempts to file successive habeas petitions and for other abuses of the federal courts. *See In Re: Richardo Sabedra*, No. 02-10542 (5th Cir. 2002) (warning Sabedra that future frivolous attempts to secure leave to file a successive habeas corpus petition may result in the imposition of sanctions); *In Re: Richardo Sabedra,* No. 02-10852 (5th Cir. 2002) (sanctioning Sabedra $50, barring future filings until the fine is paid in full, and directing the clerk of the court to return unfiled any submission until the fine is paid); *Sabedra v. Johnson*, No. 01-40138 (5th Cir. 2001) (barring Sabedra under the three strikes rule, 28 U.S.C. § 1915(g)).

Court records reflect that the sanctions imposed against Sabedra have not been satisfied to date. Sabedra does not allege or show otherwise. It is policy for the United States District Court for the Southern District of Texas to honor the sanctions assessed by the other district courts in Texas. In light of the sanctions imposed previously and Sabedra's record of filing repetitive, frivolous claims, this Court will not grant permission for leave to proceed.

**II.      CONCLUSION AND ORDER**

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DENIED** as without merit and the petitioner's remaining claims are **DISMISSED** because of the sanctions imposed previously against the petitioner.

2. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **DENIED**.

3. A certificate of appealability is **DENIED**.

4.	The petitioner is **WARNED** that he will face additional sanctions, including monetary penalties, if he continues to file meritless complaints and petitions in the federal courts.

**The Clerk will provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail, if appropriate, to: (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax:512-936-2159; and (2) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>January 31</u>, 2007.

_____
Nancy F. Atlas
United States District Judge